*Foot, J.
 

 (Dissenting.)
 
 — The first question nat- -* urally in order in this action is, whether it is barred by the statutory limitation of one year. On comparing the statute of 1787 (1 E. L. of 1813, p. 64) with the one of 1830 (1 E. S. 772), it will be seen, that their provisions on this subject are substantially the same. The only differences between them are two.. 1. In the old act, the form of the action, in which the excess above lawful interest was to be recovered, was prescribed, while in the new one, it is not. 2. In the old act, the' suit for the benefit of the poor, was limited to one year, and in the new one, to three years. These differences have no bearing on the inquiry whether the legislature intended, by giving the remedies mentioned in the statute, to abolish the remedy which the borrower had at common law.
 

 The decision in
 
 Wheaton
 
 v.
 
 Hibbard (20
 
 Johns. 292) was made-in 1822, and is directly and pointedly in favor of the position, that the old statute did not impair the common-law remedy. With this decision before them, the revisers did not recommend, nor the legislature adopt, any change or provision, indicative of an intention to alter the law on the subject. The case of
 
 Wheaton
 
 v.
 
 Hibbard
 
 is, therefore, decisive of the question under consideration, and settles it in the negative.
 

 The next question is, whether the action of trover for the securities, being barred by the statutory limitation of six years, this action, being for moneys received on those securities, within six years of its commencement, is also barred. On an examination of the authorities, I find two decisions, by highly respectable courts, directly in point, and in the negative. One by Sir John Leach, vice-chancellor of England
 
 (Hovey
 
 v.
 
 Hovey,
 
 1 Sim. & Stuart 568), and the other by the supreme court of
 
 *119
 
 [*119 Massachusetts
 
 (Lamb
 
 v.
 
 Clark,
 
 5 Pick. 197). In each of these cases, the injured party had an undoubted right to the action of trover, and that action was barred by the statute of limitation; and in each, he was allowed to recover for money received within six years on and for the converted property; both courts gave judgment after full argument. Sir John Leach appears to regard the principle as *settled law, and Parker, C. J., in delivering the judgment of the court over which he presided, lays down the' proposition, unhesitatingly, and says, substantially, that the wrongdoer cannot be permitted to set up his own wrong, though an action for it may be outlawed, in answer to a just claim for money he has no right to retain. This is certainly just and sound in morals. Mr. Angel also, in his treatise on limitations, lays down the law in these words: “An action of
 
 assumpsit
 
 may not be barred by the statute, when, to an action for a tort upon the same demand, the statute may be pleaded.” (Angel on Lim. ch. 9, § 5.) These authorities, and the reasons on which they are founded, bring me satisfactorily to the conclusion, that the present action is not barred-by the statute.
 

 Another and further question also arises, and that is, whether the pendency of an action of trover for all the securities transferred by the appellant Schroeppel to the respondent, on the usurious transactions between the parties, is an abatement of the present suit. I am clearly of opinion, it is not. The two suits are not at all for the same cause of action; one is for the value of the whole securities, and founded upon the statute
 
 (Schroeppel
 
 v.
 
 Corning,
 
 2 N. Y. 132), while the other is an action at common law, for the excess of money received over and above the principal and interest loaned, and which the lender,
 
 ex sequo et bona,
 
 has no right to retain.
 

 Some other points were presented on the argument, but it does not appear to be necessary to notice them particularly. On the whole, I am of opinion, that the
 
 *120
 
 appellants have a right to recover from the respondent all sums of money received within six years previously to the commencement of this action, on the securities transferred to him in pursuance of the usurious transaction, over and above what he shall have received or realized as the principle and interest of the money loaned.
 

 Judgment affirmed.